William A. Earnhart (ABA 9411099)
RICHMOND & QUINN, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
Ph:  (907) 276-5727
Fax: (907) 276-2953
wearnhart@richmondquinn.com

Attorneys Wal-Mart Stores, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KAREN JOHNSON, next best friend, OF MICHAEL CARTY, minor, AND KAREN JOHNSON, individually,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>WAL-MART STORES, INC.,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case 3:06-cv-00124-TMB<br>) |

**ANSWER**

COMES NOW defendant, WAL-MART STORES, INC., by and through counsel, RICHMOND & QUINN, and for answer to plaintiffs' Complaint admits, denies and alleges as follows:

1. With regard to paragraph 1 of plaintiffs' Complaint, defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

2. With regard to paragraph 2 of plaintiffs' Complaint, defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

3. With regard to paragraph 3 of plaintiffs' Complaint, defendant denies that is a "foreign" corporation, but does admit it is authorized to do business in the State of Alaska, including a retail store in midtown Anchorage. Wal-Mart Stores is a Delaware corporation whose principal place of business is Bentonville, Arkansas.

## FACTS COMMON TO ALL

4. With regard to paragraph 4 of plaintiffs' Complaint, defendant admits that plaintiff Carty and his stepfather were both present in the Wal-Mart store at approximately the time in question and that a purchase took place. Defendant further avers, however, that plaintiff Carty was often shopping separate from his stepfather and exhibited suspicious conduct on numerous occasions attracting the attention of store security.

5. With regard to paragraph 5 of plaintiffs' Complaint, defendant admits that plaintiff Carty was walking through the front of the store towards the exit when he

unwrapped a cell phone. He deposited the packaging however in a trashcan and proceeded towards the store door. Except to the extent admitted, paragraph 5 is denied.

6. With regard to paragraph 6 of plaintiffs' Complaint, defendant states that plaintiff's stepfather Mr. Johnson had already exited the Wal-Mart store when plaintiff Corty approached the exit a significant amount of time later. At that point he was approached by a security guard and asked to come to the security station. Wal-Mart specifically denies that plaintiff was treated roughly in any way or otherwise treated in an unprofessional manner.

7. With regard to paragraph 7 of plaintiffs' Complaint, defendant admits that Michael's stepfather Richard Johnson had already exited the store and did not arrive back in the store for approximately 15 minutes. Wal-Mart further avers that plaintiff Carty initially denied knowing the identity of "the person he stood next to in the store." And did not show a receipt for the cell phone until a significant period of time within the detention.

8. With regard to paragraph 8 of plaintiffs' Complaint, defendant admits the allegations contained therein.

9. With regard to paragraph 9 of plaintiffs' Complaint, defendant states that at this point, based on Mr. Carty's prior behavior, and what appeared to be a changing story by Mr. Carty, Wal-Mart security seriously suspected that Mr. Carty had stolen the phone. A common method of retail theft is for a customer to purchase an item, put the item in their car, and then return to the store and pick up an identical item and claim that they had already purchased it based on the receipt for the first item, this is called "double dipping." Except to the extent admitted, paragraph 9 is denied.

10. With regard to paragraph 10 of plaintiffs' Complaint, defendant admits the allegations contained therein.

11. With regard to paragraph 11 of plaintiffs' Complaint, defendant admits that Mr. Johnson left the premises to pick up his wife Karen Johnson and that plaintiff Carty was not allowed to leave the secured area. Except to the extent admitted, paragraph 11 is denied.

12. With regard to paragraph 12 of plaintiffs' Complaint, defendant specifically denies that any "interrogation" took place or that Wal-Mart acted outside the

scope of its rights based on the evidence presented. Except to the extent admitted, paragraph 12 is denied.

13. With regard to paragraph 13 of plaintiffs' Complaint, defendant admits the allegations contained therein.

14. With regard to paragraph 14 of plaintiffs' Complaint, defendant admits the allegations contained therein. Immediately after the incident, plaintiff Johnson was offered the cell phone back and the card as well as an apology from Wal-Mart at which point he declined and retained an attorney. Except to the extent admitted, paragraph 14 is denied.

15. With regard to paragraph 16 of plaintiffs' Complaint, defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

16. With regard to paragraph 16 of plaintiffs' Complaint, defendant denies the allegations contained therein.

### FIRST CAUSE OF ACTION

#### False Imprisonment

17. Defendant realleges and incorporates by reference all of its responses to paragraphs 1 through 16 of plaintiffs' Complaint as if fully restated herein.

18. With regard to paragraph 18 of plaintiffs' Complaint, defendant specifically denies that the detention of plaintiff Michael Carty was unlawful.

19. With regard to paragraph 19 of plaintiffs' Complaint, defendant denies the allegations contained therein.

20. With regard to paragraph 20 of plaintiffs' Complaint, defendant denies the allegations contained therein.

### SECOND CAUSE OF ACTION

### Assault and Battery

21. Defendant realleges and incorporates by reference all of its responses to paragraphs 1 through 20 of plaintiffs' Complaint as if fully restated herein.

22. With regard to paragraph 22 of plaintiffs' Complaint, defendant denies the allegations contained therein.

23. With regard to paragraph 23 of plaintiffs' Complaint, defendant denies the allegations contained therein.

### THIRD CAUSE OF ACTION

### Intentional and Negligence Infliction of Emotional Distress

24. Defendant realleges and incorporates by reference all of its responses to paragraphs 1 through 23 of plaintiffs' Complaint as if fully restated herein.

25. With regard to paragraph 25 of plaintiffs' Complaint, defendant denies the allegations contained therein.

26. With regard to paragraph 26 of plaintiffs' Complaint, defendant denies the allegations contained therein.

27. With regard to paragraph 27 of plaintiffs' Complaint, defendant denies the allegations contained therein.

28. With regard to paragraph 28 of plaintiffs' Complaint, defendant denies the allegations contained therein.

29. With regard to paragraph 29 of plaintiffs' Complaint, defendant denies the allegations contained therein.

## FOURTH CAUSE OF ACTION

### Respondeat Superior

30. Defendant realleges and incorporates by reference all of its responses to paragraphs 1 through 29 of plaintiffs' Complaint as if fully restated herein.

31. With regard to paragraph 16 of plaintiffs' Complaint, defendant states that the allegations contained therein state only legal conclusions, to which no answer is required.

## FIFTH CAUSE OF ACTION

### Conversion

32. Defendant realleges and incorporates by reference all of its responses to paragraphs 1 through 32 of plaintiffs' Complaint as if fully restated herein.

33. With regard to paragraph 33 of plaintiffs' Complaint, defendant denies the allegations contained therein.

### SIXTH CAUSE OF ACTION

### Punitive Damages

34. Defendant realleges and incorporates by reference all of its responses to paragraphs 1 through 33 of plaintiffs' Complaint as if fully restated herein.

35. With regard to paragraph 35 of plaintiffs' Complaint, defendant denies the allegations contained therein.

### AFFIRMATIVE AND ADDITIONAL DEFENSES

By way of further answer and by way of:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages, if any.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' own conduct was comparatively negligent and such conduct should serve to reduce their damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

All of Wal-Mart's actions in detaining Michael Carty were reasonable based on the circumstances known to each employee at the time and Mr. Carty's action.

### FURTHER AFFIRMATIVE DEFENSES

Defendant reserves the right to assert whatever other affirmative defenses and/or counterclaims may become available as discovery progresses.

WHEREFORE, having answered the plaintiffs' Complaint, defendant prays that the same be dismissed with prejudice; that plaintiffs take nothing from defendant; that defendant be awarded its costs and attorney fees incurred in defending this action; and for such other and further relief as this court deems just and equitable.

DATED this 13th day of June, 2006, at Anchorage, Alaska.

RICHMOND & QUINN
Attorneys for Defendant


By: ___s/ William A. Earnhart___
RICHMOND & QUINN, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
Ph: (907) 276-5727
Fax: (907) 276-2953
wearnhart@richmondquinn.com
Alaska Bar. No. 9411099


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served this 13th day of June, 2006 to:

Samuel J. Fortier
FORTIER & MIKKO
101 W. Benson Blvd., Ste. 304
Anchorage, Alaska 99503


___/s/ William A. Earnhart___
RICHMOND & QUINN


2245\001\PLD\ANSWER

**ANSWER TO COMPLAINT**
JOHNSON, ET AL. v. WAL-MART STORES, CASE NO. 3:06-CV-00124-TMB
PAGE 10 OF 10