Samuel J. Fortier
FORTIER & MIKKO, P.C.
101 W. Benson Blvd., Ste 304
Anchorage, AK 99501
Phone (907) 277-4222
Fax (907) 277-4221
Attorneys for Karen Johnson and Michael Carty

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KAREN JOHNSON, next best friend of MICHAEL CARTY, minor, and KAREN JOHNSON, individually, | ) ) ) ) |
| Plaintiffs, | ) Case No. 3:06-cv-00124-TMB ) |
| vs. | ) ) |
| WAL-MART STORES, INC., | ) **MEMORANDUM OF POINTS** ) **AND AUTHORITIES IN SUPPORT** |
| Defendant. | ) **OF MOTION TO REMAND CASE** ) **TO THE ALASKA STATE COURT** |

## I. INTRODUCTION

Although the Alaska Superior Court Complaint in this matter did not state the amount in controversy, it is clear from the allegations contained in the Complaint that the threshold amount-in-controversy required prior to this Court obtaining jurisdiction is simply not availing, and for this reason, even if diversity of citizenship exists, this Court lacks subject matter jurisdiction and must remand this case to the Alaska State Court.

## II. FACTS

According to the Complaint, the Plaintiff, Michael Carty, then 17-years-old, and a resident of a Dillingham, was shopping at the Wal-Mart store in midtown in Anchorage on October 7, 2005, with his step-father.[1] He purchased a cell phone, minute card, and a soda.[2] Because it was his first cell phone, Michael was quite excited and anxiously unwrapped the package as he was leaving the store (his step-father having left just before him).[3]

Still in the store, Michael gave a clerk in the store the packaging to throw away and, as he was leaving, was roughly detained by a security guard who took Michael into custody.[4] Wal-Mart detained Michael and summoned the police[5] and retained the cell phone despite proof of payment.

Meanwhile, Karen Johnson, Michael's mother, had arrived from Dillingham and needed to be picked up at the airport. Mr. Johnson was required to leave his step-son, rush to the airport, pick up his wife, and return to Wal-Mart. Mrs. Johnson observed her son in a near state of panic, and she was required to sign a statement that she would visit with

---

[1] Complaint at para. 4.
[2] *Id.* at para. 4.
[3] *Id.* at para. 5.
[4] *Id.* at para. 6.
[5] *Id.* at para. 10.

Motion to Remand Case to State Court    2
*Johnson, et al. v. Wal-Mart,* Case No. 3:06-cv-00124-TMB

Juvenile authorities in Dillingham upon the family's return in order to obtain the freedom of her son.[6]

Wal-Mart then released Michael to his mother, but retained the cell phone and cell phone card as key evidence.[7] The cell phone had a value of about $40.[8] Wal-Mart contacted Michael the following day to let him know he could pick up his cell phone. However, no one gave Michael any advice that Wal-Mart was not pursuing charges and Michael, by that time, had completely lost any desire for the cell phone he purchased.

Michael and Mrs. Johnson sued Wal-Mart in State Superior Court. They allege false imprisonment, assault and battery, conversion, and intentional infliction of emotional distress, as well as negligent infliction of emotional distress.[9] The Complaint does not state a total dollar amount, however.[10] After the lawsuit was filed, and with no inquiry whatsoever, Wal-Mart simply removed the Complaint to Federal Court.[11]

Wal-Mart asserted it was an Arkansas corporation, with its main offices in Arkansas.[12] In addition, Wal-Mart asserted that this Court had jurisdiction over the subject matter of the

---

[6] *Id.* at para. 12.
[7] Complaint at para. 13.
[8] *See* Affidavit of Counsel at para. 4 and Exhibit 3 thereto.
[9] Complaint at para. 16.
[10] Complaint, Prayer for Relief.
[11] *See* Notice of Removal.
[12] *Id.*

lawsuit, because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.[13] This Motion to Remand followed.

### III. SUMMARY OF ARGUMENT

No reasonable person could find that the allegations contained in the Complaint would constitute a matter in controversy in excess of $75,000, exclusive of interest and costs. This case was, therefore, wrongfully removed and should be remanded.

The burden is on the removing defendant to establish that the amount-in-controversy meets the statutory threshold. The defendant in this case has no basis in fact or law to assert that the matter-in-controversy element was met. Accordingly, the case must be remanded.

A.   The Amount in Controversy Standard is Jurisdictional

28 U.S.C. § 1332 provides as follows:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs ....

Here, Wal-Mart will likely argue that it is not facially evident from the Complaint that less than $75,000 is in controversy. This would not excuse the removal, however. This is because Wal-Mart is the removing party "The removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional

---

[13] *See* Civil Cover Sheet.

Motion to Remand Case to State Court                                   4
*Johnson, et al. v. Wal-Mart*, Case No. 3:06-cv-00124-TMB

threshold."[14] Where there is doubt regarding the right to removal, a case should be remanded to the state court.[15] The Ninth Circuit endorsed "the Fifth Circuit's practice of considering facts presented in the removal petition as well as any 'summary judgment type evidence relevant to the amount in controversy at the time of removal.'"[16] "Conclusory allegations as to the amount in controversy are insufficient."[17]

Here, Wal-Mart makes no attempt to assert, other than in a conclusory fashion, that the amount-in-controversy exceeds the $75,000 threshold. The Complaint asserts no more than $500 economic loss, including the $40 cell phone that was converted.[18] The damages alleged are non-economic and punitive damages. In *Matheson,* an insured sued an insurer in state court seeking damages related to the insured's loss of a truck for two months. Emotional distress damages and punitive damages were asserted. There, the Ninth Circuit stated:

> It appears that the value of the truck was ultimately determined to be $15,516. If this is so, it is difficult to see economic loss significantly above the $10,000 appearing on the face of the complaint. Indeed, one might be forgiven for wondering now deprivation of an asset worth than $16,000 for a period of two

---

[14] *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003); *Sancez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403 (9th Cir. 1996) (*citing Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992).
[15] *Matheson,* 319 F.3d at 1090.
[16] *Id.* Citing *Singer v. State Farm Mutual Auto Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997) (*quoting Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1335-36 (5th Cir. 1995).
[17] *Matheson,* 319 F.3d at 1091.
[18] Complaint.

Motion to Remand Case to State Court  5
*Johnson, et al. v. Wal-Mart,* Case No. 3:06-cv-00124-TMB

months could be worth as much as $10,000. Similarly, the emotional distress damages associated with such a deprivation would not appear to be significantly in excess of the $10,000 floor pled in the complaint. Finally, under the circumstances it is not clear if punitive damages significantly in excess of the $10,000 floor mentioned in the complaint are at stake. In short, from all that is available to the court, it could easily be concluded that there was not a great deal more than $30,000 in controversy when this case was removed.[19]

In *Matheson*, the court determined that the record simply did not establish jurisdiction. Similarly, here, the record now before this Court establishes that the amount in controversy is significantly less than $75,000. How can a demand for punitive damages and attorney's fees be aggregated in calculating the amount in controversy.[20]

B. <u>Wal-Mart Has Failed to Carry Its Burden</u>

Here, the Complaint did not demand a specific dollar amount. Therefore, Wal-Mart "bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $75,000."[21]

It is also a matter of Ninth Circuit law that cases removed from state courts under the general removal statute[22] are ordinarily subject to stricter diversity standards than apply

---

[19] *Matheson*, 319 F.3d at 1091.
[20] *See, e.g., Martin v. Franklin Capital Corporation*, 126 S.Ct. 704, 708, ___ U.S. ___, 163 L.Ed. 2d 547 (2005).
[21] *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 276 (9th Cir. 1997); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002).
[22] 28 U.S.C. § 1440(a).

Motion to Remand Case to State Court
*Johnson, et al. v. Wal-Mart*, Case No. 3:06-cv-00124-TMB

6

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304 ANCHORAGE, ALASKA 99503 TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

where original jurisdiction is invoked.[23] Because the burden of removal rests with the removing defendant,[24] the Defendant bears the burden to prove, by a preponderance of the evidence, that the amount in the controversy requirement has been met.[25] This is a "near canonical rule" (that the burden on removal rests with removing defendant).[26] Thus:

> It is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the controversy rests upon the party asserting jurisdiction.[27]

The Ninth Circuit has also explained that "the traditional rule of burden allocation in determining removal of jurisdiction was meant to comport with what the Supreme Court has termed 'the dominant note IN the successive enactments of Congress relating to diversity jurisdiction....'"[28] Here, Wal-Mart simply cannot carry its burden, nor has it even made such an attempt to do so.

C.   Remand

Plaintiffs' Motion to Remand is based upon a lack of subject matter jurisdiction. Therefore, Plaintiffs can move for remand at any time if, at any time before final judgment,

---

[23] *Abrego v. The Dowl Chemical Co.*, 443 F.3d 676, 680 (9th Cir. ___).
[24] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).
[25] *Id.* at 566, 567.
[26] *Abrego*, 443 F.3d 676, 684, *citing Gaus*, 980 F.2d 566, 567.
[27] *Abrego*, 443 F.3d 684, *citing Kokkomen v. Guardian Life Ins. Co. of Am,*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed. 2d 391 (1994).
[28] *Abrego*, 443 F.3d 685, *citing Indianapolis v. Chase National Bank*, 314 U.S. 63, 76, 62 S.Ct. 15, 86 L.Ed. 47 (1941).

Motion to Remand Case to State Court                                7
*Johnson, et al. v. Wal-Mart*, Case No. 3:06-cv-00124-TMB

it appears that the District Court lacks subject matter jurisdiction, the case must be remanded.[29] However, under the circumstances of this case, where it is so very clear that this Court lacks subject matter jurisdiction in that the amount in controversy is less than $75,000, this Court must remand. The case is at an early stage of the proceedings, and a remand will mean that the parties may litigate quickly in state court without further delay.[30]

### III. CONCLUSION

Wal-Mart had no good faith basis to remove this case to the Federal District Court. The amount in controversy is clearly less than $75,000. Wal-Mart has not, and cannot, carry its burden to prove, by a preponderance of the evidence, that the damages alleged are in excess of $75,000. Accordingly, this Court should remand this matter to the Superior Court.

DATED at Anchorage, Alaska, this 21st day of June, 2006.

FORTIER & MIKKO, P.C.
Attorneys for Plaintiffs

By: /s/ Samuel J. Fortier
101 W. Benson Blvd., Suite 304
Anchorage, AK 99503
Phone: (907) 277-4222
Fax: (907) 277-4221
Email: sfortier@fortmikk.alaska.com
ABA No. 8211115

---

[29] 28 U.S.C § 1447.

[30] Plaintiffs reserve the right to seek payment of just cause and actual fees, expenses, including attorney's fees on the basis of this removal.

Motion to Remand Case to State Court                                  8
*Johnson, et al. v. Wal-Mart,* Case No. 3:06-cv-00124-TMB

**Certificate of Service**
I hereby certify that a true and correct copy of the following document has been sent electronically and via US mail this 21st day of June 2006.

William A. Earnhart
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK 99501

/s/ Samuel J. Fortier

Motion to Remand Case to State Court                9
*Johnson, et al. v. Wal-Mart,* Case No. 3:06-cv-00124-TMB