IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

KAREN JOHNSON, next best friend, )
of MICHAEL CARTY, minor, AND )
KAREN JOHNSON, individually, )
)
                 Plaintiffs, )
)
vs. )
)
WAL-MART STORES, INC., )
)
                 Defendant. )
_____ ) Case No. 3AN-06-07871 Civil

## COMPLAINT

COMES NOW, MICHAEL CARTY, a minor, by and through his next friend, KAREN JOHNSON, his mother, and KAREN JOHNSON, individually and for their complaints state and allege as follows:

1. Plaintiff Michael Carty is a resident of Dillingham, Alaska. He lives with his mother, step-father and siblings in Dillingham, Alaska.

2. Karen Johnson is the mother of Plaintiff, Michael Carty.

3. Wal-Mart Stores, Inc. is, on information and belief, a foreign corporation authorized to do business in the State of Alaska, including a retail store in mid-town Anchorage.

### FACTS COMMON TO ALL

4. On or about October 7, 2005, at approximately 6:45 p.m., Plaintiff, Michael

Carty, accompanied by his step-father, was shopping at Defedant's Wal-Mart Store located at 3101 A Street, Anchorage, AK, where he purchased a cell phone with the 40 minute card and a bottle of soda, tendering $40 and receiving a $1.10 in exchange.

5. As Michael was walking through the front of the store, in order to exit, he unwrapped his cell phone, providing the packaging to the clerk and proceeded towards the door of the store.

6. As Michael was approaching the exit door of Wal-Mart, he was accosted, roughly, by a security guard, and forced by the security guard to a detention location in the front of the Wal-Mart store.

7. Michael's step-father, Richard Johnson, who had already exited the store, waited for about 15 minutes in his car, and realizing Michael was not coming out, went into the Wal-Mart store to look for his step-son.

8. Mr. Johnson discovered his step-son, Michael Carty, in the security area, being questioned and being accused of shoplifting, although Michael displayed the receipt, and, requested that the store clerk who sold the cell phone, card, and soda be located and brought to the back as well.

9. The store clerk, in fact, was located, and, after arriving at the security area, affirmed that Michael Carty had purchased the cell phone, card and soda from her.

FORTIER & MIKKO, P.C., A PROFESSIONAL CORPORATION, 101 W. BENSON BLVD., SUITE 304, ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222  FAX LINE (907) 277-4221

10. Notwithstanding, Michael was detained in the security area, was not permitted to leave, and the Anchorage Police were summoned.

11. Mr. Johnson was required to leave the premises in order to pick up his wife, Michael's mother, Karen Johnson, which he did (as she was arriving from Dillingham). Mr. Johnson attempted to take his stepson, Michael, with him, but the security guard assaulted Michael, and without legal right, forcefully detained him and prevented him, by force from leaving with Mr. Johnson. Mr Johnson later returned to the Wal-Mart in the secured area with Mrs. Johnson.

12. Mrs. Johnson then witnessed her son being interrogated by Wal-Mart, and Wal-Mart personnel ignored her numerous requests, over the next two hours, to look at the receipts that unequivocally established that her son, Michael, had purchased the cell phone, card and soft drink. Ms. Johnson also witnessed the Police demanding that she sign a document promising to contact Juvenile authorities, which she reluctantly did after the Police, at the instigation of the Wal-Mart security guard, informed her that if she did not sign, her son would be detained by the Anchorage Police at McLaughlin Youth Center.

13. After Mrs. Johnson signed the document, the security guard released Michael to his mother, but retained the cell phone and the card as evidence of an alleged crime.

FORTIER & MIKKO, P.C., A PROFESSIONAL CORPORATION, 101 W. BENSON BLVD., SUITE 304, ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

14. Following the incident, and through today's date, Michael has been deprived of the cell phone, with the card, with a value of approximately $40, and in addition, has received medical treatment, with out-of-pocket expenses of approximately $500.

15. In addition, Mrs. Johnson has also incurred expenses for counseling, in an amount of approximately $100.

16. In addition, both Michael and his mother suffered, and continue to suffer humiliation and mental pain and suffering, and the unlawful assault, battery and false imprisonment destroyed the family vacation, also at considerable cost and expense.

## FIRST CAUSE OF ACTION

### False Imprisonment:

17. Plaintiffs reallege as it fully set forth, each and every allegation stated in paragraphs 1-17.

18. Wal-Mart's unlawful detention of Plaintiff Michael Carty was intentional.

19. Wal-Mart's unlawful, intentional detention constitutes false imprisonment.

20. As a direct and proximate cause of the false imprisonment, Plaintiff, Michael Carty has sustained damages in an amount to be determined at trial.

FORTIER & MIKKO, P.C., A PROFESSIONAL CORPORATION, 101 W. BENSON BLVD., SUITE 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222  FAX LINE (907) 277-4221

FORTIER & MIKKO, P.C., A PROFESSIONAL CORPORATION, 101 W. BENSON BLVD., SUITE 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

## SECOND CAUSE OF ACTION

### Assault and Battery:

21. Plaintiffs reallege as it fully set forth, each and every allegation stated in paragraphs 1-21.

22. The unlawful detention of Michael Carty was Wal-Mart's intentional abuse of touching Plaintiff Carty, which force was not consented to by Carty, and/or by Wal-Mart's imminent threat of force, constituting assault and/or battery.

23. As a direct and proximate result of the assault and/or battery, Michael Carty has sustained damages to which Defendant is liable in an amount to be determined upon the evidence at trial herein.

## THIRD CAUSE OF ACTION

### Intentional and Negligence Infliction of Emotional Distress:

24. Plaintiffs reallege as it fully set forth, each and every allegation stated in paragraphs 1-24.

25. Plaintiffs, Michael Carty and Plaintiff Karen Johnson have suffered mental distress as a direct and proximate result of Defendant's action.

26. The Defendants knew or should have known that Mrs. Johnson, upon seeing her son unlawfully detained and hearing the false accusations against him, would suffer mental pain and suffering, which in fact she did.

27. Defendant's conduct constitutes negligent infliction of emotional distress.

28. Defendant is liable in an amount as may be established upon the evidence at trial herein.

29. Alternatively, Defendant's conduct was intentional, and Defendant is liable for damages that may be established upon the evidence at trial herein is a direct and proximate result of the intentional conduct.

## FOURTH CAUSE OF ACTION

### Respondeat Superior:

30. Plaintiffs reallege as it fully set forth, each and every allegation stated in paragraphs 1-30.

31. The acts and conduct of the security guard were performed for and on behalf of the Defendant, Wal-Mart Stores, Inc. and therefore Wal-Mart is liable, under the doctrine of respondeat superior, for all damages Plaintiffs sustained as a direct and proximate result of the conduct of its security guard as hereinbefore alleged.

## FIFTH CAUSE OF ACTION

### Conversion:

32. Plaintiffs reallege as it fully set forth, each and every allegation stated in paragraphs 1-32.

33. Defendant's wrongful and intentional converting of the cell phone and card Michael purchased constitutes conversion, and the Defendant is liable for the full value of the cell phone and cell phone card so converted.

FORTIER & MIKKO, P.C., A PROFESSIONAL CORPORATION, 101 W. BENSON BLVD., SUITE 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222  FAX LINE (907) 277-4221

## SIXTH CAUSE OF ACTION

### Punitive Damages:

34. Plaintiffs reallege as it fully set forth, each and every allegation stated in paragraphs 1-34.

35. Because the acts and conduct complained of herein are intentional, outrageous, or reckless and without regard to the rights and dignity of the Plaintiffs herein, the Defendant, Wal-Mart Stores, Inc. is subject to liability and Plaintiffs are entitled to an award of punitive damages in an amount as may be established upon the evidence at trial herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. For an award of damages in favor of Plaintiff, Michael Carty and against Wal-Mart Stores, Inc. in an amount as the evidence at trial may establish;

2. For additional award of special damages in favor of Michael Carty and against the Defendant;

3. For an award of damages in favor of Plaintiff Karen Johnson and against Wal-Mart Stores, Inc. as may be established upon the evidence of trial herein, plus special damages for medical expenses Plaintiff Karen Johnson has incurred on her behalf as well as on behalf of Plaintiff Michael Carty;

FORTIER & MIKKO, P.C., A PROFESSIONAL CORPORATION, 101 W. BENSON BLVD., SUITE 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

4. For an additional award of punitive damages in favor of Plaintiffs and against Wal-Mart Stores, Inc. in an amount as may be established upon the evidence of trial herein;

5. For costs, interests and attorneys fees;

6. For such other and further relief as the court may deem just and equitable on the premises.

DATED this 9 day of ~~April~~ May 2006.

FORTIER & MIKKO, P.C.
Attorneys for Plaintiffs

By: _____
Samuel J. Fortier
Alaska Bar No. 8211115

FORTIER & MIKKO, P.C., A PROFESSIONAL CORPORATION, 101 W. BENSON BLVD., SUITE 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222  FAX LINE (907) 277-4221

Complaint -- Page 8 of 8
*Johnson/Carty v. Wal-Mart*, Case No. 3AN-06-____ Civil

Exhibit 1
Page 8 of 8
FORTIER & MIKKO